IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

MARIETTA COURET,

               Plaintiff,

      v.

BELLSOUTH TELECOMMUNICATIONS,
LLC, d/b/a AT&T FLORIDA, and AT&T
CORP dba/ AT&T, INC.,

               Defendants.

Case No. 1:16-cv-22702

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO THE COMPLAINT

      Defendants BellSouth Telecommunications, LLC ("BST"), and AT&T Corp. (collectively "Defendants"),[1] by and through undersigned counsel, hereby answer the Complaint filed by Plaintiff Marietta Couret ("Plaintiff") as follows:

### ALLEGED NATURE OF ACTION

      1.     Defendants admit that Plaintiff purports to bring this action alleging violations of the Americans with Disabilities Act ("ADA"), the Florida Civil Rights Act ("FCRA"), and the Family and Medical Leave Act ("FMLA"), but deny any and all unlawful acts alleged. Except as expressly admitted herein, Defendants deny the allegations in paragraph 1 of the Complaint.

### ALLEGED JURISDICTION AND VENUE

      2.     Defendants admit that Plaintiff purports to assert claims under the ADA and FMLA and seeks to invoke the subject matter jurisdiction of this Court. Defendants also admit that Plaintiff purports to seek damages exceeding $75,000. Defendants also admit that Plaintiff

---

[1] BST is the only proper defendant in this matter. BST has filed for and uses the fictitious name "AT&T Florida," but its legal name is BellSouth Telecommunications, LLC. AT&T Corp. is not a proper party to this case and does not do business as "AT&T Inc.," although AT&T Corp. joins for purposes of this Answer so as not to be subjected to default.

asks this Court to exercise supplemental jurisdiction over her alleged FCRA claims. Except as expressly admitted herein, Defendants deny the allegations set forth in paragraph 2 of the Complaint.

3.      Defendants admit that venue is proper in this Court but deny committing any unlawful acts in the Southern District of Florida or any other venue. Except as expressly admitted herein, Defendants deny the allegations set forth in paragraph 3 of the Complaint.

## ALLEGED EXHAUSTION OF ADMINISTRATIVE REMEDIES

4.      Defendants admit that the Equal Employment Opportunity Commission ("EEOC") issued a *Dismissal and Notice of Suit Rights* dated March 31, 2016, in which the agency informed Plaintiff that her charge was not timely filed with the EEOC. Defendants deny that Plaintiff has exhausted her administrative remedies. Except as expressly admitted herein, Defendants deny the allegations set forth in paragraph 4 of the Complaint.

## ALLEGED PARTIES

5.      Based on information and belief, Defendants admit that Plaintiff is a resident of Miami-Dade County, Florida. Except as expressly admitted herein, Defendants deny the allegations set forth in paragraph 5 of the Complaint.

6.      Defendants admit that BST is a limited liability company organized under the laws of the State of Georgia. Defendants admit that BST is a wholly-owned subsidiary of BellSouth, LLC, and that BellSouth, LLC, a Georgia limited liability company, is a subsidiary of an operating company of AT&T Inc. Defendants admit that BST has offices in Florida, including in Miami, Florida. Except as expressly admitted herein, Defendants deny the allegations set forth in paragraph 6 of the Complaint.

7.      Defendants admit that AT&T Inc. is a Delaware corporation.  Defendants admit that AT&T Inc. is a parent of BellSouth, LLC.  Except as expressly admitted herein, Defendants deny the allegations set forth in paragraph 7 of the Complaint.

8.      Defendants deny the allegations set forth in paragraph 8 of the Complaint.

9.      Defendants admit that BST employs more than 15 employees for purposes of the ADA and FCRA and more than 50 employees for purposes of the applicability of the FMLA, but deny any unlawful acts alleged under these statutes.  Except as expressly admitted herein, Defendants deny the allegations set forth in paragraph 9 of the Complaint.

10.     Defendants admit that Plaintiff has been and is currently employed by BST as a Sales Associate.  Except as expressly admitted herein, Defendants deny the allegations set forth in paragraph 10 of the Complaint.

## ALLEGED COMMON FACTUAL ALLEGATIONS

11.     Defendants admit that Plaintiff was hired as a Sales Associate at BST's Miami Call Center on or about April 1, 2008.  Except as expressly admitted herein, Defendants deny the allegations set forth in paragraph 11 of the Complaint.

12.     Defendants admit that Call Center Sales Associates, such as Plaintiff, are customer service representatives responsible for consulting with customers to recommend and sell various telecommunications products and/or services and answering customer calls and meeting customer needs, among other duties.  Except as expressly admitted herein, Defendants deny the allegations set forth in paragraph 12 of the Complaint.

13.     Defendants admit that a Call Center Sales Coach is considered a first-level manager for Sales Associates and provides feedback, coaching, motivation and support to Sales Associates.  Defendants admit that Call Center Coaches may make recommendations regarding

discipline of Sales Associates.   Except as expressly admitted herein, Defendants deny the allegations set forth in paragraph 13 of the Complaint.

14.     Defendants admit that a Call Center Manager is responsible for overseeing each of the Miami, Florida Call Centers.  Defendants admit that Raymond Aleman was a Sales Coach and later a Center Manager for the Miami #1 Call Center from approximately 2011 through approximately May 2016.  Except as expressly admitted herein, Defendants deny the allegations set forth in paragraph 14 of the Complaint.

15.     Defendants admit that BST generates sales objectives for each Call Center, including the Miami Call Centers.  Defendants admit that Sales Associates are assigned monthly sales objectives, which could fluctuate per month.   Defendants admit that Sales Associates in the Miami Call Center where Plaintiff worked were generally assigned the same monthly sales objectives.  Except as expressly admitted herein, Defendants deny the allegations set forth in paragraph 15 of the Complaint.

16.     Defendants admit that BST tracks sales figures of its Sales Associates on a monthly scorecard.  Defendants also admit that the monthly sales figures for Sales Associates are rolled up to their assigned Sales Coaches, and that those sales figures, in turn, roll up into the overall sales figures for the Call Center.  Except as expressly admitted herein, Defendants deny the allegations set forth in paragraph 16 of the Complaint.

17.     Defendants admit that Sales Associates, Sales Coaches, and the Call Center Manager are evaluated based on performance metrics in several categories.  Except as expressly admitted herein, Defendants deny the allegations set forth in paragraph 18 of the Complaint.

18.     Defendants deny the allegations set forth in paragraph 18 of the Complaint.

19.     Defendants deny the allegations set forth in paragraph 19 of the Complaint.

20.     Defendants deny the allegations set forth in paragraph 20 of the Complaint.

21.     Defendants admit that employees out on a leave of absence under the Short Term Disability leave program were generally removed from the Call Center's headcount and therefore did not impact the sales objectives of management, including Sales Coaches and Call Center Managers.  Except as expressly admitted herein, Defendants deny the allegations set forth in paragraph 21 of the Complaint.

22.     Defendants deny the allegations set forth in paragraph 22 of the Complaint.

23.     Based on information and belief, Plaintiff has been diagnosed with stress and depression related conditions.  Except as expressly admitted herein, Defendants deny the allegations set forth in paragraph 23 of the Complaint.

24.     Defendants deny the allegations set forth in paragraph 24 of the Complaint.

25.     Defendants admit that Plaintiff requested and was granted FMLA leave during 2013.  Except as expressly admitted herein, Defendants deny the allegations set forth in paragraph 25 of the Complaint.

26.     Defendants admit that certain intermittent leave requests made by Plaintiff in or around 2013 were granted.  Except as expressly admitted herein, Defendants deny the allegations set forth in paragraph 26 of the Complaint.

27.     Defendants admit that Plaintiff used intermittent leave granted by Defendants. Except as expressly admitted herein, Defendants deny the allegations set forth in paragraph 27 of the Complaint.

28.     Defendants deny allegations set forth in paragraph 28 of the Complaint.

29.     Defendants deny the allegations set forth in paragraph 29 of the Complaint.

30.     Defendants deny the allegations set forth in paragraph 30 of the Complaint.

31.     Defendants admit that Plaintiff applied for and was approved for FMLA and Short Term Disability ("STD") leave in 2014.  Except as expressly admitted herein, Defendants deny the allegations set forth in paragraph 31 of the Complaint.

32.     Defendants admit that Plaintiff was approved for FMLA leave in 2014. Defendants also admit that Plaintiff received STD leave in 2014.  Except as expressly admitted herein, Defendants deny the allegations set forth in paragraph 32 of the Complaint.

33.     Defendants admit that in 2014, Plaintiff returned to work after an absence while taking FMLA and STD leave.  Except as expressly admitted herein, Defendants deny the allegations set forth in paragraph 33 of the Complaint.

34.     Defendants admit that Plaintiff received counselings for unsatisfactory performance on or around November 10, 2014 and December 12, 2014, and received a warning for unsatisfactory performance on or around February 25, 2015.  Except as expressly admitted herein, Defendants deny the allegations set forth in paragraph 34 of the Complaint.

35.     Defendants admit that in or around March 2015, Plaintiff purported to complain about alleged differential treatment, but deny any unlawful conduct alleged.  Except as expressly admitted herein, Defendants deny the allegations set forth in paragraph 35 of the Complaint.

36.     Defendants admit that on or around April 16, 2015, Plaintiff received a Letter in Lieu for unsatisfactory performance.  Except as expressly admitted herein, Defendants deny the allegations set forth in paragraph 36 of the Complaint.

37.     Defendants admit that Plaintiff's name was included on a complaint submitted by employees but deny any unlawful acts alleged.  Except as expressly admitted herein, Defendants deny the allegations set forth in paragraph 37 of the Complaint.

38.  Defendants deny the allegations set forth in paragraph 38 of the Complaint.

39.     Defendants deny the allegations set forth in paragraph 39 of the Complaint.

40.     Defendants admit that Plaintiff requested and was approved for use of FMLA and STD leave, as well as vacation time, occurring at various times between May 2015 and June 2016.  Defendants admit that Plaintiff returned to work after an approximately year-long leave of absence in or around June 2016.   Except as expressly admitted herein, Defendants deny the allegations set forth in paragraph 40 of the Complaint.

41.     Defendants deny the allegations set forth in paragraph 41 of the Complaint.

42.     Defendants deny the allegations set forth in paragraph 42 of the Complaint.

43.     Defendants admit that Sales Associates on approved STD leave are compensated pursuant to the terms of the applicable STD plan, and that said amounts vary based on the number of years of service.  Defendants admit that Plaintiff was compensated in accordance with the applicable STD plan.  Except as expressly admitted herein, Defendants deny the allegations set forth in paragraph 43 of the Complaint.

44.     Defendants admit that BST has a progressive discipline practice that includes steps such as counseling, warning, suspension or letter in lieu of suspension, and termination. Except as expressly admitted herein, Defendants deny the allegations set forth in paragraph 44 of the Complaint.

45.     Defendants deny the allegations set forth in paragraph 45 of the Complaint.

46.     Defendants deny the allegations set forth in paragraph 46 of the Complaint.

47.     Defendants deny the allegations set forth in paragraph 47 of the Complaint.

48.     Defendants deny the allegations set forth in paragraph 48 of the Complaint.

49.     Defendants deny the allegations set forth in paragraph 49 of the Complaint.

50.     Defendants deny the allegations set forth in paragraph 50 of the Complaint.

51.     Defendants deny the allegations set forth in paragraph 51 of the Complaint.

**COUNT I -     ALLEGED DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT, 42 USC § 12101, ET. SEQ.**

Defendants deny the allegations in the heading of Count I.

52.     Defendants incorporate by reference their responses to paragraphs 1 through 51 as if set forth fully herein.

53.     Defendants deny the allegations set forth in paragraph 53 of the Complaint, as they pertain to various time frames identified in the Complaint.

54.     Defendants deny the allegations set forth in paragraph 54 of the Complaint, as they pertain to various time frames identified in the Complaint.

55.     Defendants deny the allegations set forth in paragraph 55 of the Complaint, as they pertain to various time frames identified in the Complaint.

56.     Defendants deny the allegations set forth in paragraph 56 of the Complaint, as they pertain to various time frames identified in the Complaint.

57.     Defendants deny the allegations set forth in paragraph 57 of the Complaint.

58.     Defendants admit that BST likely meets the definition of employer within the meaning of the ADA, as amended.  Except as expressly admitted herein, Defendants deny the allegations set forth in paragraph 58 of the Complaint.

59.     Defendants deny the allegations set forth in paragraph 59 of the Complaint.

60.     Defendants deny the allegations set forth in paragraph 60 of the Complaint.

61.     Defendants deny the allegations set forth in paragraph 61 of the Complaint.

62.     Defendants deny the allegations set forth in paragraph 62 of the Complaint.

63.     Defendants deny the allegations set forth in paragraph 63 of the Complaint.

64.     Defendants deny the allegations set forth in paragraph 64 of the Complaint.

65.    Defendants deny the allegations set forth in paragraph 65 of the Complaint.

66.    Defendants deny the allegations set forth in paragraph 66 of the Complaint.

67.    Defendants deny the allegations set forth in paragraph 67 of the Complaint.

68.    Defendants deny the allegations set forth in paragraph 68 of the Complaint.

69.    Defendants deny the allegations set forth in paragraph 69 of the Complaint.

70.    Defendants deny the allegations set forth in paragraph 70 of the Complaint.

71.    Defendants deny the allegations set forth in paragraph 71 of the Complaint.

72.    Defendants deny the allegations set forth in paragraph 72 of the Complaint.

73.    Defendants deny the allegations set forth in paragraph 73 of the Complaint.

74.    Defendants deny the allegations set forth in paragraph 74 of the Complaint.

75.    Defendants deny the allegations set forth in paragraph 75 of the Complaint.

76.    Defendants deny the allegations set forth in paragraph 76 of the Complaint.

77.    Defendants admit that Plaintiff purports to seek damages but deny that she is entitled to any relief whatsoever.  Except as expressly admitted herein, Defendants deny the allegations set forth in paragraph 77 of the Complaint.

78.    Defendants deny the allegations set forth in paragraph 78 of the Complaint

Defendants deny the statements and allegations set forth in the paragraph following paragraph 78 of the Complaint and further deny that Plaintiff is entitled to any relief whatsoever.

**COUNT II -    ALLEGED RETALIATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT, 42 USC § 12101, ET. SEQ.**

Defendants deny the allegations in the heading of Count II.

79.    Defendants incorporate by reference their responses to paragraphs 1 through 51 of the Complaint as if fully set forth herein.

80.    Defendants deny the allegations set forth in paragraph 80 of the Complaint.

81.     Defendants deny the allegations set forth in paragraph 81 of the Complaint.

82.     Defendants deny the allegations set forth in paragraph 82 of the Complaint.

83.     Defendants deny the allegations set forth in paragraph 83 of the Complaint.

84.     Defendants deny the allegations set forth in paragraph 84 of the Complaint.

85.     Defendants deny the allegations set forth in paragraph 85 of the Complaint.

86.     Defendants deny the allegations set forth in paragraph 86 of the Complaint.

87.     Defendants admit that Plaintiff purports to seek damages but deny that she is entitled to any relief whatsoever.  Except as expressly admitted herein, Defendants deny the allegations set forth in paragraph 87 of the Complaint.

88.     Defendants deny the allegations set forth in paragraph 88 of the Complaint.

Defendants deny the statements and allegations set forth in the paragraph following paragraph 88 of the Complaint and further deny that Plaintiff is entitled to any relief whatsoever.

## COUNT III -     ALLEGED   DISABILITY   DISCRIMINATION   IN   VIOLATION   OF FLORIDA CIVIL RIGHTS ACT

Defendants deny the allegations in the heading in Count III.

89.     Defendants incorporate by reference their responses to paragraphs 1 through 51 of the Complaint as if fully set forth herein.

90.     Defendants deny the allegations set forth in paragraph 90 of the Complaint, as they pertain to various time frames identified in the Complaint.

91.     Defendants deny the allegations set forth in paragraph 91 of the Complaint, as they pertain to various time frames identified in the Complaint.

92.     Defendants deny the allegations set forth in paragraph 92 of the Complaint, as they pertain to various time frames identified in the Complaint.

93.     Defendants deny the allegations set forth in paragraph 93 of the Complaint, as they pertain to various time frames identified in the Complaint.

94.     Defendants deny the allegations set forth in paragraph 94 of the Complaint.

95.     Defendants admit that BST likely meets the definition of employer within the meaning of the FCRA.  Except as expressly admitted herein, Defendants deny the allegations set forth in paragraph 95 of the Complaint.

96.     Defendants deny the allegations set forth in paragraph 96 of the Complaint.

97.     Defendants deny the allegations set forth in paragraph 97 of the Complaint.

98.     Defendants deny the allegations set forth in paragraph 98 of the Complaint.

99.     Defendants deny the allegations set forth in paragraph 99 of the Complaint.

100.    Defendants deny the allegations set forth in paragraph 100 of the Complaint.

101.    Defendants deny the allegations set forth in paragraph 101 of the Complaint.

102.    Defendants deny the allegations set forth in paragraph 102 of the Complaint.

103.    Defendants deny the allegations set forth in paragraph 103 of the Complaint.

104.    Defendants deny the allegations set forth in paragraph 104 of the Complaint.

105.    Defendants deny the allegations set forth in paragraph 105 of the Complaint.

106.    Defendants deny the allegations set forth in paragraph 106 of the Complaint.

107.    Defendants deny the allegations set forth in paragraph 107 of the Complaint.

108.    Defendants deny the allegations set forth in paragraph 108 of the Complaint.

109.    Defendants deny the allegations set forth in paragraph 109 of the Complaint.

110.    Defendants deny the allegations set forth in paragraph 110 of the Complaint.

111.    Defendants deny the allegations set forth in paragraph 111 of the Complaint.

112.    Defendants deny the allegations set forth in paragraph 112 of the Complaint.

113.    Defendants deny the allegations set forth in paragraph 113 of the Complaint.

114.    Defendants admit that Plaintiff purports to seek damages but deny that Plaintiff is entitled to any relief whatsoever.   Except as expressly admitted herein, Defendants deny the allegations set forth in paragraph 114 of the Complaint.

115.    Defendants deny the allegations set forth in paragraph 115 of the Complaint.

Defendants deny the statements and allegations set forth in the paragraph following paragraph 115 of the Complaint and further deny that Plaintiff is entitled to any relief whatsoever.

**COUNT IV -    ALLEGED RETALIATION IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT**

Defendants deny the allegations in the heading in Count IV.

116.    Defendants incorporate their responses to paragraphs 1 through 51 of the Complaint as if fully set forth herein.

117.    Defendants deny the allegations set forth in paragraph 117 of the Complaint.

118.    Defendants deny the allegations set forth in paragraph 118 of the Complaint.

119.    Defendants deny the allegations set forth in paragraph 119 of the Complaint.

120.    Defendants deny the allegations set forth in paragraph 120 of the Complaint.

121.    Defendants deny the allegations set forth in paragraph 121 of the Complaint.

122.    Defendants deny the allegations set forth in paragraph 122 of the Complaint.

123.    Defendants deny the allegations set forth in paragraph 123 of the Complaint.

124.    Defendants admit that Plaintiff purports to seek damages but deny that she is entitled to any relief whatsoever.   Except as expressly admitted herein, Defendants deny the allegations set forth in paragraph 124 of the Complaint.

125.    Defendants deny the allegations set forth in paragraph 125 of the Complaint.

Defendants deny the statements and allegations set forth in the paragraph following paragraph 125 of the Complaint and further deny that Plaintiff is entitled to any relief whatsoever.

**COUNT V -   ALLEGED VIOLATION OF THE FAMILY MEDICAL LEAVE ACT: INTERFERENCE**

Defendants deny the allegations in the heading in Count V.

126.   Defendants incorporate by reference its responses to paragraphs 1 through 51 of the Complaints as if fully set forth herein.

127.   Defendants deny the allegations set forth in paragraph 127 of the Complaint.

128.   Defendants deny the allegations set forth in paragraph 128 of the Complaint.

129.   Defendants deny the allegations set forth in paragraph 129 of the Complaint, as they pertain to various time frames identified in the Complaint.

130.   Defendants deny the allegations set forth in paragraph 130 of the Complaint, as they pertain to various time frames identified in the Complaint.

131.   Defendants admit that BST was Plaintiff's employer.   Except as expressly admitted herein, Defendants deny the allegations set forth in paragraph 131 of the Complaint.

132.   Defendants admit that BST has employed and does employ 50 or more employees for at least 20 consecutive work weeks.   Except as expressly admitted herein, Defendants deny the allegations set forth in paragraph 132 of the Complaint.

133.   Defendants deny the allegations set forth in paragraph 133 of the Complaint as they pertain to various time frames identified in the Complaint.   Except as expressly admitted herein, Defendants deny the allegations set forth in paragraph 133 of the Complaint.

134.   Defendants admit that at the time Plaintiff was granted FMLA leave, she had presumably worked at least 1,250 hours during the course of the preceding 12 months.   Except as

expressly admitted herein, Defendants deny the allegations set forth in paragraph 134 of the Complaint.

135.    Defendants admit that Plaintiff's work location has employed and employs at least 50 employees within a 75-mile radius.  Except as expressly admitted herein, Defendants deny the allegations set forth in paragraph 135 of the Complaint.

136.    Defendants deny the allegations set forth in paragraph 136 of the Complaint, as they pertain to various time frames identified in the Complaint.

137.    Defendants deny the allegations set forth in paragraph 137 of the Complaint, as they pertain to various time frames identified in the Complaint.

138.    Defendants deny the allegations set forth in paragraph 138 of the Complaint, as they pertain to various time frames identified in the Complaint.

139.    Defendants lack sufficient information to admit or deny and therefore deny the allegations set forth in paragraph 139 of the Complaint.

140.    Defendants admit that the FMLA includes a provision that prohibits covered employers from interfering with the exercise of rights under the statute.  Except as expressly set forth herein, Defendants deny the allegations set forth in paragraph 140 of the Complaint.

141.    Defendants deny the allegations set forth in paragraph 141 of the Complaint, as they pertain to various time frames identified in the Complaint.

142.    Defendants deny the allegations set forth in paragraph 142 of the Complaint.

143.    Defendants deny the allegations set forth in paragraph 143 of the Complaint.

144.    Defendants deny the allegations set forth in paragraph 144 of the Complaint.

145.    Defendants deny the allegations set forth in paragraph 145 of the Complaint.

146.    Defendants deny the allegations set forth in paragraph 146 of the Complaint.

147.    Defendants admit that Plaintiff purports to seek damages but deny that she is entitled to any relief whatsoever.  Except as expressly admitted herein, Defendants deny the allegations set forth in paragraph 147 of the Complaint.

Defendants deny the statements and allegations set forth in the paragraph following paragraph 147 of the Complaint and further deny that Plaintiff is entitled to any relief whatsoever.

**COUNT VI -        ALLEGED VIOLATION OF THE FAMILY MEDICAL LEAVE ACT: RETALIATION**

Defendants deny the allegations in the heading in Count VI.

148.    Defendants incorporate by reference their responses to paragraphs 1 through 51 and 127 through 139 of the Complaint as if fully set forth herein.

149.    Defendants admit that the FMLA includes a provision that prohibits retaliation against employees.  Except as expressly admitted herein, Defendants deny the allegations set forth in paragraph 149 of the Complaint.

150.    Defendants admit that Plaintiff received FMLA leave during her employment with BST.  Except as expressly admitted herein, Defendants deny the allegations set forth in paragraph 150 of the Complaint.

151.    Defendants deny the allegations set forth in paragraph 151 of the Complaint.

152.    Defendants deny the allegations set forth in paragraph 152 of the Complaint.

153.    Defendants deny the allegations set forth in paragraph 153 of the Complaint.

154.    Defendants deny the allegations set forth in paragraph 154 of the Complaint.

155.    Defendants deny the allegations set forth in paragraph 155 of the Complaint.

156.    Defendants deny the allegations set forth in paragraph 156 of the Complaint.

157.    Defendants deny the allegations set forth in paragraph 157 of the Complaint.

158.    Defendants deny the allegations set forth in paragraph 158 of the Complaint.

159.    Defendants admit that Plaintiff purports to seek damages but deny that she is entitled to any relief whatsoever.  Except as expressly admitted herein, Defendants deny the allegations set forth in paragraph 159 of the Complaint.

Defendants deny the statements and allegations set forth in the paragraph following paragraph 159 of the Complaint and further deny that Plaintiff is entitled to any relief whatsoever.

## JURY TRIAL DEMAND

Defendants admit that Plaintiff purports to requests a jury trial.  Except as expressly admitted herein, Defendants deny the allegations set forth in the paragraph following paragraph 159 of the Complaint.

## DEFENDANTS' AFFIRMATIVE DEFENSES

Without admitting any facts alleged by Plaintiff, Defendants also plead the following separate defenses to the Complaint:

1.    The Complaint, and each of its causes of action, fails to allege facts sufficient to constitute a cause of action.

2.    Plaintiff is not and has not been employed by AT&T Corp.

3.    AT&T Corp. is not a proper party to this action.

4.    Plaintiff has not suffered any damages or to the extent alleged.

5.    The actions and conduct alleged by Plaintiff do not rise to the level of actionable discrimination, harassment, retaliation, and/or interference under any federal or state law.

6.    Plaintiff's claims are barred to the extent she did not suffer an adverse action under the ADA, FCRA, or FMLA.

7.      Defendants deny that disability or any impermissible factor played any role in any of its various policies, procedures or practices, or in any other policy, procedure or practice that Plaintiff is or may be challenging.

8.      Some of all of Plaintiff's claims may be barred by the equitable doctrines of laches, waiver, estoppel, release, and/or unclean hands.

9.      Some or all of Plaintiff's claims may be barred, in whole or in part, by the after-acquired evidence doctrine.

10.     Plaintiff's claims are barred as untimely and/or by applicable statutes of limitations.

11.     Some or all of Plaintiff's claims may be barred by the doctrine of avoidable consequences.

12.     Plaintiff's claims may be barred because any recovery from Defendants would result in Plaintiff's unjust enrichment.

13.     The Complaint, and each of its causes of action, is barred because any recovery would be *de minimis*.

14.     The Complaint, and each of its causes of action, is barred in whole or in part because Defendants had an honest, good-faith belief that all decisions with respect to Plaintiff's employment were made solely for legitimate, business-related reasons and were reasonably based upon the facts as Defendants understood them.

15.     Defendants had legitimate and non-discriminatory and non-retaliatory reasons for any purported adverse action taken against Plaintiff.

16.     Defendants did not commit the acts or omissions as alleged in the Complaint for discriminatory and retaliatory motives, but assuming that they did, such acts or omissions would

have been taken in any event for legitimate, non-discriminatory, non-retaliatory, non-pretextual reasons.

17.     Any acts or omissions alleged to have been taken by Defendants were, if taken, privileged as a matter of law.

18.     Plaintiff's ADA and FCRA claims are barred as untimely and because Plaintiff did not timely exhaust all available administrative remedies and/or otherwise failed to comply with the statutory prerequisites to the bringing of this action.

19.     To the extent that in some or all of the causes of action asserted in the Complaint Plaintiff complains about matters that were not reasonably within the scope of any complaint or charge Plaintiff allegedly filed with the EEOC, the Court lacks jurisdiction with respect to any such matters.

20.     To the extent Plaintiff failed to satisfy all the conditions precedent to filing suit under the ADA and/or FCRA, those claims are barred.

21.     Plaintiff's ADA claims concern events alleged to have occurred more than 300 days before the filing of her Charge with the EEOC and are therefore barred.  Plaintiff attaches to her complaint a Dismissal and Notice of Rights that expressly states that her charge "*was not timely filed with EEOC*" and has produced no timely charge on which to base her claims in this action.

22.     Plaintiff's FCRA claims are barred to the extent that she did not exhaust administrative remedies with respect to such claims and/or because such claims are untimely.

23.     Some or all of Plaintiff's claims are barred, in whole or in part, because Plaintiff was not a qualified individual under the ADA or FCRA and/or could not perform the essential functions of her job.

24.     Some or all of Plaintiff's claims are barred, in whole or in part, because any accommodation Plaintiff requested was unreasonable and/or would have constituted an undue hardship.

25.     Some or all of Plaintiff's claims are barred, in whole or in part, because Plaintiff was not entitled to an accommodation of her choice or preference.

26.     Some or all of Plaintiff's claims are barred, in whole or in part, because Defendants reasonably accommodated Plaintiff.

27.     Some or all of Plaintiff's claims are barred because Plaintiff's sole and exclusive remedy, if any, for claimed injuries is governed by applicable worker's compensation law.

28.     Some or all of Plaintiff's claims may be barred or precluded to the extent they are governed by an arbitration agreement or provisions of an applicable collective bargaining agreement.

29.     Plaintiff is estopped from pursuing her claims by reason of her own actions and conduct to the extent she failed to complain about alleged discrimination, failure to prevent or investigate discrimination, or retaliation.

30.     Plaintiff has failed to mitigate or make reasonable efforts to mitigate her alleged damages, and Plaintiff's recovery of damages, if any, must be barred or reduced accordingly.

31.     Plaintiff's claims for damages (and certain categories of damages, and the amounts thereof recoverable) are limited/ capped by all applicable federal and/or state statutes.

32.     Plaintiff's claims under the FMLA are barred because any allegedly adverse treatment of Plaintiff was based solely on one or more reasonable factors other than plaintiff's medical condition or her decision to exercise her rights under the FMLA.

33.     To the extent Plaintiff did not suffer a "serious medical condition," her FMLA claims are barred.

34.     Some or all of Plaintiff's FMLA claims are barred because Plaintiff received and exhausted all FMLA leave to which she was entitled.

35.     Some or all of Plaintiff's FMLA claims are barred to the extent that Plaintiff was not an eligible employee under that statute at the time any alleged violations of that statute are alleged to have occurred.

36.     Plaintiff's claims are barred because any decisions made by Defendants with respect to Plaintiff's employment were based upon good cause.

37.     Plaintiff's retaliation claims are barred to the extent she did not engage in any protected activity under the ADA, FCRA or FMLA.

38.     Plaintiff's retaliation claims are barred to the extent that any employment- related actions taken subsequent to any purported protected activity were taken for legitimate non-retaliatory reasons, and/or were not reasonably likely to dissuade a reasonable employee from engaging in protected activity.

39.     There is no causal relation between the alleged acts of Defendants and any injury or damage allegedly suffered by Plaintiff.

40.     Defendants have not engaged in unlawful discriminatory practices nor any actions with respect to Plaintiff, that occurred under circumstances giving rise to an inference of discrimination based on Plaintiff's alleged membership in a protected class and Defendants are therefore not liable for either compensatory or punitive damages under the ADA or FCRA.

41.     Plaintiff is not entitled to recover any punitive or exemplary damages and any such allegations should be stricken because:

     i.      Plaintiff has failed to plead facts sufficient to support allegations of oppression, fraud, and/or malice.

    ii.      Plaintiff has failed to plead facts sufficient to support allegations of gross or reckless disregard for the rights of plaintiff or that Defendants were motivated by evil motive or intent.

   iii.      Neither Defendants nor any managing agent of Defendants committed any alleged oppressive, fraudulent, or malicious act, authorized or ratified such an act, or had advance knowledge of the unfitness, if any, of any employee or employees who allegedly committed such an act, or employed any such employee or employees with a conscious disregard of the rights or safety of others.

42.    Plaintiff is not entitled to recover any punitive damages to the extent any such damages would violate Defendants' constitutional rights under provisions of the United States and/or Florida Constitutions.

43.    Plaintiff's claims for damages are barred to the extent that said claims are speculative in nature.

44.    Defendants are not liable for punitive damages because any employee who allegedly discriminated against Plaintiff, was not a "managerial agent" for Defendants and/or was not acting within the scope of his or her employment.  Even if an employee who committed any acts found to have been discriminatory was a "managerial agent" and was acting within the scope of his or her employment, the alleged discrimination was contrary to Defendants' good-faith efforts to comply with all applicable law.

45.      Plaintiff has alleged no facts sufficient to support an award of compensatory damages, liquidated damages, punitive damages, damages for any physical or emotional injury, front pay, reinstatement, costs, attorneys' fees, or any other relief.

46.      Plaintiff is barred from recovering punitive damages because Defendants had in place a policy to prevent discrimination in its workplace and made good-faith efforts to implement and enforce that policy.

47.      Defendants may have further separate and/or additional affirmative defenses which are not yet known, but which may become known through further discovery.  Defendants hereby assert each and every such affirmative defense as it may be ascertained through future discovery, and reserves the right to amend this Answer to raise any such additional defenses not known at this time but which may become known during the course of discovery, investigation or trial.

WHEREFORE, having fully answered the Complaint, Defendants pray for judgment as follows:

1.      That Plaintiff take nothing by reason of her Complaint, that the Complaint be dismissed in its entirety with prejudice, and that judgment be entered for Defendants;

2.      That Defendants be awarded reasonable costs and attorneys' fees; and

3.      That Defendants be awarded such other and further relief as the Court deems just and proper.

Respectfully submitted,

BARBARA B. BROWN
PAUL HASTINGS LLP
875 15th Street, NW
Washington, D.C. 20005
Telephone: (202) 551-1700
Facsimile:  (202) 551-0117
barbarabrown@paulhastings.com
*admitted pro hac vice*

 and

By: s/Daniel F. *Blonsky*
Daniel F. Blonsky, FBN 972169
Scott A. Hiaasen, FBN 103318
COFFEY BURLINGTON, P.L.
2601 South Bayshore Drive, Penthouse
Miami, Florida  33133
Tel:  305-858-2900
Fax:  305-858-5261
dblonsky@coffeyburlington.com
shiaasen@coffeyburlington.com
groque@coffeyburlington.com
service@coffeyburlington.com

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served by Notice of

Electronic Filing generated by CM/ECF, on this 1st day of September 2016, on all counsel or

parties of record on the attached Service List.

s/ *Daniel F. Blonsky*
Daniel F. Blonsky

**SERVICE LIST**

Lorenzo Williams, Esq.
Gary, Williams, Parenti, Watson & Gary, P.L.L.C
221 S.E. Osceola Street
Stuart, FL 34994
Tel: (772) 283-8260
Fax: (772) 219-3365
lw@williegary.com

Debra S. Nolan, Esq.
Gaines and Nolan
2100 S.E. Hillmoor Drive, Suite 106
Port St. Lucie, Florida 34952
Tel: (772) 200-4600
Fax:  (772) 200-4575
debra@gainesnolan.com